# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY BERTIN AMAZAN,<br><br>                      Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                      Respondents. | Case No.: 26-cv-783-RSH-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 2] |

      On February 9, 2026, petitioner Stanley Bertin Amazan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2.

      Petitioner argues that, having been previously paroled into the United States, his rearrest and immigration detention are unlawful. He argues, among other things, that "the Government may deprive a non-citizen of physical liberty only when the confinement serves a legitimate purpose—and is reasonably related to, and not excessive in relation to, that purpose." ECF No. 1 ¶ 48. Petitioner further states that he is not a flight risk or a danger to the community. *Id.* ¶ 49.

      Petitioner states that compelling respondents to provide him with a bond hearing would *not* be equitable because, among other reasons, immigration judges may not comply

with judicial instructions to hold such hearings; or if a hearing is held and bond is set, the government may appeal, with the result that Petitioner would remain detained. *Id.* ¶¶ 10-12. However, he also requests, as an alternative to immediate release, "a custody redetermination hearing in Immigration Court based on his prolonged detention." *Id.* ¶ 13. The Petition requests that the Court order his immediate release under reasonable conditions of supervision, or alternatively, "issue a writ of Habeas Corpus requiring Respondents to release Petitioner unless they provide a bond hearing with an Immigration Judge under 8 U.S.C. § 1226(a) within seven days." *Id.* at 21.

On February 23, 2026, Respondents filed a return acknowledging that Petitioner "is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 4 at 2.

In light of this return, the Petition is **GRANTED** in part. Respondents are directed to arrange a bond hearing for petitioner Stanley Bertin Amazan before an immigration court pursuant to 8 U.S.C. § 1226(a) within ***seven (7) days*** of this order as described above.

In the event Petitioner is not released following such a bond hearing, Petitioner may promptly seek further relief from this Court by filing a supplemental brief that includes a declaration from Petitioner supporting the factual assertions made in the Petition and any supplemental authority or evidence that Petitioner wishes the Court to consider.

In light of the relief granted herein, Petitioner's application for a temporary restraining order [ECF No. 2] is **DENIED** as moot. The hearing set for March 5, 2026 is **VACATED**.

**IT IS SO ORDERED**.

Dated: February 24, 2026

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge